SAMUEL ZIRN, Appellant, v. CLIFTON N. BRADLEY et al., Respondents, et al., Defendants.— No opinion. Present— Hagarty, Carswell, Johnston, Taylor and Lewis, JJ. Judgment in favor of respondents Bradley, Carret and Gammons reversed on the law and a new trial granted, with costs to abide the event. In view of the foregoing disposition the order granting respondents Bradley, Carret and Gammons an additional allowance is reversed on the law, without costs, and the motion denied, without costs. The court erroneously refused to charge the jury that the conduct of the plaintiff as a witness could not prove or justify the charges made in the alleged libelous statement, particularly in view of the fact that the court by reason of plaintiff's conduct as a witness was compelled repeatedly to admonish him. Furthermore, the court erred in receiving, over plaintiff's objection, evidence of plaintiff's activities as an attorney subsequent to the defamatory publication, and in refusing plaintiff's request to charge that such evidence might not be considered upon the issue of justification. Carswell and Lewis, JJ., concur; Taylor, J., concurs in result; Hagarty, J., dissents and votes to affirm the order and judgment, with the following memorandum: The failure to charge, as requested, that the conduct of the plaintiff as a witness could not prove or justify the charges made in the alleged libelous statement was proper. If granted, it would have tended to confuse the jury in that it would have created the impression that such conduct was not to be considered. The court made the proper disposition of the request by stating that in determining the issues the jury should weigh the demeanor of the various witnesses. He charged: "It is solely for you to say where the truth lies and what in truth and in fact were the actual relations between these parties, and in determining where the truth lies you have a right and should weigh the demeanor of the various witnesses upon the witness-stand." To hold that it was error to refuse the request because the court had been compelled to admonish plaintiff for his conduct as a witness is to place a premium on such misconduct. There was no error

committed in admitting evidence of plaintiff's activities subsequent to the alleged defamatory publication. Plaintiff had instituted an action through one Chance and others prior to the complained of publication and defendants were entitled to show the ultimate result of that "vexatious litigation" to confirm their charge that it was such. They were also entitled, without time limitation, to rebut the testimony of plaintiff that he had never knowingly instituted vexatious actions against anybody, and to adduce proof affecting plaintiff's credibility by showing that after the unsuccessful conclusion of his action in the name of Chance he instituted another action, reviving the same issues, in the name of one Lever, and that he had prosecuted an appeal without authorization and was untruthful in describing the terms of a retainer — to the effect that it required his client to contribute to the expense of the litigation involved. The refusal of the court to charge that in passing upon the question of truth, as justification, the jury was not to consider anything which happened subsequent to the date of the publication was proper for the further reason that such proof was adduced without objection by plaintiff. In any event the alleged errors are immaterial, for respondents established the truth of the alleged defamatory statements. Johnston, J., concurs with Hagarty, J.